# United States District Court
## for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Kenneth L. Brown</u>     Case Number: <u>3:02-00080</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>November 30, 2004</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and § 924 Convicted Felon in Possession of Firearms</u>

Original Sentence: <u>120 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>April 24, 2011</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>     Defense Attorney: <u>Doug Thoersen</u>

### PETITIONING THE COURT

__X__ To issue a Summons.
____ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this _21st_ day of _July_, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place     <u>Nashville, TN</u>

Date     <u>July 21, 2014</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| <u>1.</u> | **<u>The Defendant shall not commit another federal, state or local crime.</u>** |

On May 28, 2014, Mr. Brown was cited by the Nashville Metropolitan Police Department for Driving on a Revoked License. He pled guilty to a lessor charge of No Driver's License on June 20, 2014. He was ordered to pay court cost and fines.

<u>2.</u>     **<u>The Defendant shall submit a truthful and complete written report within the first five days of each month.</u>**

On June 13, 2014, Mr. Brown submitted a monthly supervision report for the month of May 2014 and reported no contact with law enforcement and no new criminal charges.

<u>3.</u>     **<u>The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.</u>**

Mr. Brown did not report his contact with law enforcement on May 28, 2014, nor did he report being booked on the driving offense on June 20, 2014.

### Compliance with Supervision Conditions and Prior Interventions:
Kenneth L. Brown began his three year term of supervised release on April 24, 2011. In December 2011, he was convicted in Davidson County Criminal Court for Theft Under $500. He was sentenced to serve 11 months and 29 days. He served approximately six months and his supervision was tolled. His term of supervised release is now scheduled to expire on October 20, 2014. This arrest and conviction was reported to the Court on September 26, 2011.

Other than the behavior listed in the previously filed reports and the violation behavior listed above, the offender had charges for Driving on Revoked License on October 26, 2013, and October 29, 2013, both were dismissed. Mr. Brown has stable employment at this time, but has not maintained a stable residence.

### Update of Offender Characteristics:
There is no additional information relevant to this section that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:
Per Your Honor's order, following the report dated June 26, 2014, it is recommended that a summons be issued for Kenneth Brown, so that he may appear before the Court to answer to the violation behavior outlined above. Assistant U.S. Attorney Philip Wehby has been advised of Your Honor's order.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. KENNETH L. BROWN, CASE NO. 3:02-00080

| | | |
|---|---|---|
| **GRADE OF VIOLATION:** | C | |
| **CRIMINAL HISTORY:** | VI | |

**ORIGINAL OFFENSE DATE:** After September 13, 1994 but before April 30, 2003 — Violent Crime Control and Law Enforcement Act

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 8 - 14 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1 - 3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Kenneth L. Brown

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:02CR00080 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 11 / 30 / 2004
   *month   day   year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state or local crime | C |
   | Shall submit a truthful and complete written report | C |
   | Shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  [ C ]

9. **Criminal History Category** *(see §7B1.4(a))*  [ VI ]

10. **Range of Imprisonment** *(see §7B1.4(a))*  [ 8 - 14 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Kenneth L. Brown

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)       _____     Home Detention        _____

    Other         _____     Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: <u>3 years less term of</u>

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days