PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

**Superseding Petition for Summons for Offender Under Supervision**
**[Supersedes Petition Filed as Docket Entry No. 96 ]**

Name of Offender: <u>Kenneth L. Brown</u>　　　Case Number: <u>3:02-00080</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>November 30, 2004</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and § 924 Convicted Felon in Possession of Firearms</u>

Original Sentence: <u>120 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>April 24, 2011</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>　　　Defense Attorney: <u>Mariah Wooten</u>

---

## PETITIONING THE COURT

　__　To issue a Summons
　__　To issue a Warrant
　_X_　To Consider Additional Violations / Information

---

**THE COURT ORDERS:**
☒ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _12th_ day of _August_ 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place　　_Nashville, TN_

Date　　_July 31. 2014_

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 96, has been amended as follows:

    Violation No. 4 - has been added to include the violation of state law by Mr. Brown

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The Defendant shall not commit another federal, state or local crime.** |
| | On May 28, 2014, Mr. Brown was cited by the Nashville Metropolitan Police Department for Driving on a Revoked License. He pled guilty to a lessor charge of No Driver's License on June 20, 2014. He was ordered to pay court cost and fines. |
| 2. | **The Defendant shall submit a truthful and complete written report within the first five days of each month.** |
| | On June 13, 2014, Mr. Brown submitted a monthly supervision report for the month of May 2014 and reported no contact with law enforcement and no new criminal charges. |
| 3. | **The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** |
| | Mr. Brown did not report his contact with law enforcement on May 28, 2014, nor did he report being booked on the driving offense on June 20, 2014. |
| 4. | **The Defendant shall not commit another federal, state or local crime.** |
| | On July 25, 2014, Mr. Brown was arrested by the Ashland City Police Department and charged with Driving on Revoked License. He is scheduled to appear in court on September 4, 2014. The incident report stated Mr. Brown was driving 75 mph in a posted 55 mph zone. He was pulled over and the officer ran a computer check which advised Mr. Brown's license was Revoked for Failure to Satisfy Criminal Offense out of Metro. Mr. Brown reported the law enforcement contact to the probation officer, but denied driving the vehicle. He advised he was not even in the car and the car was not moving. |

**Compliance with Supervision Conditions and Prior Interventions:**
Kenneth L. Brown began his three year term of supervised release on April 24, 2011. In December 2011, he was convicted in Davidson County Criminal Court for Theft Under $500. He was sentenced to serve 11 months and 29 days. He served approximately six months and his supervision was tolled. His term of supervised release is now scheduled to expire on October 20, 2014. This arrest and conviction was reported to the Court on September 26, 2011.

Other than the behavior listed in the previously filed reports and the violation behavior listed above, the offender had charges for Driving on Revoked License on October 26, 2013, and October 29, 2013, both were dismissed. Mr. Brown has stable employment at this time, but has not maintained a stable residence.

**Update of Offender Characteristics:**
Mr. Brown reported on a summons on July 30, 2014, and appeared before U.S. Magistrate Judge Knowles.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that Your Honor consider this additional violation when Kenneth Brown appears before the Court for a revocation hearing.


Approved: _____
　　　　　　Britton Shelton
　　　　　　Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. KENNETH L. BROWN, CASE NO. 3:02-00080

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** After September 13, 1994 but before April 30, 2003 — Violent Crime Control and Law Enforcement Act

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8 - 14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. 3583(h) | 1 - 3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Kenneth L. Brown

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:02CR00080 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 11 / 30 / 2004
   *month    day    year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not commit another federal, state or local crime | C |
| Shall submit a truthful and complete written report | C |
| Shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | C |
| Shall not commit another federal, state or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  — C

9. **Criminal History Category** *(see §7B1.4(a))* — VI

10. **Range of Imprisonment** *(see §7B1.4(a))* — 8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Kenneth L. Brown

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)       _____    Home Detention         _____

    Other         _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 3 years less term of

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002